UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT D., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00060-JDL |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability (SSD) appeal seeks remand on several bases, among them that the Administrative Law Judge (ALJ) ignored the opinion of his treating physician, Hal Cohen, D.O., that he had significantly greater carrying, lifting, and reaching limitations than those the ALJ ultimately assessed. *See* Plaintiff's Brief (ECF No. 7) at 16. I agree that remand is required on that basis and, accordingly, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision. I need not and do not reach the Plaintiff's other points of error.

**I. Background**

The Plaintiff applied for SSD benefits in 2014. *See* Record at 303-09. In 2017, the Appeals Council vacated an initial adverse ALJ decision and remanded the case for further proceedings. *See id.* at 191-93. In 2019, this Court vacated a second adverse ALJ decision and remanded the case for further proceedings. *See id.* at

1

2214-20. In 2021, on motion of the Commissioner, the Court vacated a third adverse ALJ decision and remanded the case for further proceedings, *see id*. at 2600-02, following which the ALJ issued the 2022 decision now before the Court, *see id*. at 2517-32.

The ALJ found, in relevant part, that the Plaintiff (1) had severe impairments of degenerative disc disease/degenerative joint disease; right shoulder degenerative joint disease; generalized anxiety disorder; and major depressive disorder, *see id*. at 2520; (2) retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that he could frequently reach overhead with his dominant right upper extremity; frequently climb, stoop, kneel, crouch, and crawl; interact appropriately with co-workers and supervisors but not with the public; and required a routine with few day-to-day changes, *see id*. at 2523; (3) could perform jobs existing in significant numbers in the national economy, *see id*. at 2531; and (4) therefore had not been disabled at any time from March 27, 2013, his amended alleged onset date of disability, through June 30, 2017, his date last insured for SSD benefits, *see id*. at 2532. The Plaintiff filed no exceptions, and the Appeals Council did not otherwise assume jurisdiction over the case within sixty days after the ALJ's issuance of his decision, making that determination the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(c)-(d).[1]

---

[1] That the Plaintiff did not seek Appeals Council review does not deprive this Court of subject matter jurisdiction because he satisfied the "jurisdictional requirement" of 42 U.S.C. § 405(g) "that claims be presented to the agency." *Daniel R. L. v. Saul*, No. 1:20-cv-00258-DBH, 2021 WL 2801954, at *3 (D. Me. July 5, 2021) (rec. dec.), *aff'd*, 2021 WL 3115820 (D. Me. July 22, 2021); *see also, e.g., Lefebvre v. Saul*, 411 F. Supp. 3d 173, 178 (D. Mass. 2019) (describing a claimant's appeal of an ALJ's decision as "properly before this court" when he "did not file exceptions to the ALJ's decision, and the . . . Appeals Council did not assume jurisdiction within 60 days"). Section 405(g) contains a "second

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The ALJ addressed more than a dozen expert opinions concerning the Plaintiff's physical and/or mental functional capacities. *See* Record at 2526-29. As relevant here, he adopted the findings of two agency nonexamining consultants that the Plaintiff retained the capacity to perform medium work with no constant overhead work with his right upper extremity. *See id.* at 2526-27. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of

---

nonjurisdictional requirement of exhaustion"; however, "a party's failure to exhaust all of the steps in the administrative process may be waived by the agency or excused by the courts." *Daniel R. L.*, 2021 2801954, at *3. The Commissioner did not raise that point, *see* Commissioner's Brief (ECF No. 11), thereby waiving it.

objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). He concluded that because the Plaintiff retained the capacity to perform three representative medium-work jobs, he was not disabled at any time from March 27, 2013, his amended alleged onset date of disability, through June 30, 2017, his date last insured for SSD benefits. *See id.* at 2531-32.

Yet, as the Plaintiff notes, *see* Plaintiff's Brief at 5-6, 16, the ALJ ignored a statement by Dr. Cohen in an October 7, 2011, progress note that the Plaintiff, who had worked as a mail carrier, had "reached a point because of neck and shoulder pain that he can no longer carry mail," "simply cannot carry or lift greater than 15 lbs," and "cannot reach at all, he cannot turn his head without pain," Record at 1460.

The Commissioner does not dispute that the Cohen opinion, if adopted, would have ruled out all three representative medium-work jobs on which the ALJ relied to find the Plaintiff not disabled. *See* Commissioner's Brief at 12; Record at 2531-32. However, he cites *Chapman v. Colvin*, No. 1:16-cv-00231-JDL, 2016 WL 7441609 (D. Me. Dec. 26, 2016) (rec. dec.), *aff'd*, 2017 WL 563959 (D. Me. Feb. 10, 2017), for the proposition that the ALJ's error in ignoring the Cohen opinion is harmless because the opinion predated the Plaintiff's alleged onset date of disability by more than a year, attenuating its relevance. *See* Commissioner's Brief at 12 & n.4.

*Chapman* is distinguishable for two reasons. First, *Chapman* held that an ALJ's error in ignoring a Maine Department of Health and Human Services (DHHS) disability determination—not the opinion of a treating physician—was harmless. *See Chapman*, 2016 WL 7441609, at *4-5. The Court noted that, although Social Security

4

Ruling 06-03p (SSR 06-03p) requires ALJs to explain the weight given to another agency's disability determination, an error in failing to do so is harmless if the ALJ's discussion makes clear that she would have rejected it had she considered it. *See id.* at \*3-4. The Court held the ALJ's error harmless because (1) DHHS's analysis was "substantively different" from that of the Commissioner, (2) the only evidence on which DHHS relied was a physician's conclusory statement that the claimant could not work and was disabled, and (3) "the DHHS determination predated the [claimant's] alleged onset date of disability by more than a year." *Id.* at \*4-5.

Unlike in *Chapman*, SSR 06-03p has no bearing here. SSR 06-3p pertains to the consideration of opinions of sources who are not "acceptable medical sources" and to the disability decisions of other governmental or nongovernmental agencies. *See* SSR 06-03p, 2006 WL 2329939, at \*1 (Aug. 9, 2006). Dr. Cohen, a licensed physician who treated the Plaintiff, was both an "acceptable medical source" and a "treating source," 20 C.F.R. §§ 404.1502(a)(1), 404.1527(a)(2), and he provided a "medical opinion" concerning the Plaintiff's physical restrictions, *see id.* § 404.1527(a)(1).

"[A]n ALJ may not simply ignore the opinions of treating sources or agency expert consultants, but must take them into consideration and explain the weight accorded them." *Holli A. G. v. Berryhill*, No. 1:18-cv-00077-JHR, 2019 WL 1431221, at \*2 (D. Me. Mar. 29, 2019) (cleaned up). If the ALJ's adoption of the ignored opinion would have precluded the work the ALJ deemed the claimant capable of performing, "the error is not harmless." *Id.*

Moreover, in this case, unlike in *Chapman*, the ALJ discussed several expert

5

opinions predating the Plaintiff's alleged March 27, 2013, onset date of disability, *see* Record at 2527-30, including a September 17, 2012, opinion of Dr. Cohen that the Plaintiff "was 'ok' with understanding and memory, social interaction, and adaption," which the ALJ accorded "substantial weight," *id*. at 2527. Two of the opinions the ALJ discussed predated the Plaintiff's alleged onset date by more than a year. *See id*. at 2529-30 (according little weight to a January 20, 2012, opinion of Richard Possee, P.A., and a January 17, 2012, opinion of Sally Halley).²

In these circumstances, as the Plaintiff argues, *see* Plaintiff's Reply (ECF No. 12) at 5, the Commissioner's defense of the ALJ's omission to address the 2011 Cohen opinion amounts to an impermissible *post hoc* rationalization, *see, e.g.*, *Vicki M. v. Kijakazi*, No. 1:20-cv-00474-NT, 2021 WL 6280201, at *4 (D. Me. Dec. 19, 2021) (rec. dec.) ("A reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of the rationale *actually articulated* by the agency decision-maker." (cleaned up)), *aff'd*, 2022 WL 43701 (D. Me. Jan. 5, 2022); *Holli A. G.*, 2019 WL 1431221, at *2 (characterizing the Commissioner's arguments that an ALJ's error in ignoring a medical opinion was harmless as "*post hoc* rationalizations that cannot serve to fill the gap left by the ALJ's failure to consider the . . . opinion").

---

² The portion of the Record cited by the ALJ does not provide a title for Sally Halley but describes her as an "examining provider" who evaluated the effects of the Plaintiff's mental disorder on occupational and social functioning. Record at 1763, 1765.

6

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 12, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge